**E. Elizabeth SHEEN**

v.

**UNITED STATES.**

**Civ. A. No. 22133.**

United States District Court
E. D. Pennsylvania.

June 25, 1958.

Converse Murdoch, of Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., for plaintiff.

Harold K. Wood, U. S. Atty., Philadelphia, Pa., John J. Sexton, Jr., Atty., Dept. Justice, Washington, D. C., for defendant.

KIRKPATRICK, District Judge.

The plaintiff, a beneficiary under the will of her husband, brings this action seeking to recover income taxes paid for the years 1952, 1953 and 1954 on monies received by her from the Milton Roy Company pursuant to a contract by which her husband had transferred to the corporation, by means of an exclusive license agreement, his interest in certain patents. The decision of this Court in the case of Merck & Co., Inc., v. Smith, D. C., 155 F.Supp. 843, is in accord with the great weight of authority in holding that an exclusive license, such as the one presently before the Court, is a sale of the patent to the licensee and the payments received under it are to be treated as capital gains and not as ordinary income. I see no reason to change my view upon this matter and I adhere to it.

In the present case there is an element which did not appear in the Merck case. At the time of the exclusive license agreement, the plaintiff's husband controlled the Milton Roy Company through two-thirds ownership of its common and preferred stock. The Government argues that this stock ownership prevents the transaction between the licensor and the licensee from being a sale. There is no contention that the corporation is a sham or that it did not in fact engage in business. The Tax Court has considered similar situations many times and has uniformly held that a controlling stockholder may assign or license his patents to the corporation which he controls and that, if such transaction is entered into in good faith, it is a sale to the corporation and the income received by the licensor is entitled to capital gains treatment. Leonard Coplan, 28 T.C. 1189; Roy J. Champayne, 26 T.C. 634; Thornton G. Graham, 26 T.C. 730; Halsey W. Taylor, 16 T.C. 376. This consistent view taken by the Tax Court is entitled to great weight and should be followed unless this Court is convinced that it is clearly wrong. I am not so convinced and, therefore, would grant the motion of the plaintiff for summary judgment in this case. However, I shall withhold such action because the Government has filed a motion seeking to amend its answer to set up matters of recoupment.

The motion for summary judgment filed by the Government will be denied.